# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| VIVIANE BUSHONG<br>8324 Glencree Place<br>Dublin, Ohio 43016 | : : : : | |
| | : | Case No. |
| Plaintiff | : : | |
| vs. | : : | **COMPLAINT** |
| DELAWARE CITY SCHOOL DISTRICT<br>74 West William Street<br>Delaware, Ohio 43015 | : : : : | |
| and | : : | |
| Paul Craft<br>74 West William Street<br>Delaware, Ohio 43015 | : : : : | |
| and | : : | **JURY DEMAND**<br>**ENDORSED HEREON** |
| Richard Stranges<br>74 West William Street<br>Delaware, Ohio 43015 | : : : : : | |
| Defendants. | | |

## COMPLAINT

Now comes Plaintiff Viviane Bushong ("Bushong"), by and through counsel, and for her Complaint states:

## SUBJECT MATTER JURISDICTION

1. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, this being an action to enforce rights guaranteed by federal statutes; pursuant to 28 U.S.C. § 1367 this Court has supplemental jurisdiction over Bushong's Ohio state law claims.

1

## VENUE

2. The discriminatory acts alleged below were committed within the jurisdiction of the U.S. District Court for the Southern District of Ohio, Eastern Division.

## BACKGROUND INFORMATION RELATED TO THE PARTIES

3. Bushong is a career guidance counselor employed by the Delaware City School District ("School District"), first at Delaware Hayes High School for approximately thirteen (23) years and then later at Willis Intermediate School for approximately seven (7) years.

4. School District is a public-school district operating under color of state law within the City and County of Delaware, Ohio.

5. Defendant Paul Craft ("Craft") was the Superintendent of schools for the Delaware City School District for nine years.

6. Craft, in his individual capacity or as an agent for School District, authorized the acts/omissions described in this Complaint.

7. At all relevant times, Defendant Richard Stranges ("Stranges") is the Principal at Delaware Hayes High School.

8. Stranges, in his individual capacity or as an agent for School District, authorized the acts/omissions described in this Complaint.

## BACKGROUND INFORMATION RELATED TO PLAINTIFF'S CAUSES OF ACTION

9. Bushong has been employed by the School District for approximately the past 30 years.

10. Until December 13, 2004, Bushong was employed by School District as a guidance counselor at Delaware Hayes High School from 1991 to December 2004.

11. In late 2004, while employed at Delaware Hayes High School, Bushong verbally informed the Principal of certain issues of concern taking place at Delaware Hayes High School.

12. In late 2004, the Principal requested Bushong to reduce the issues of concern to writing and Bushong did so.

13. In late 2004, Bushong submitted the written concerns to the Principal.

14. After Bushong's submission of the written concerns, on or about December 13, 2004, Bushong was involuntarily transferred from her position as a guidance counselor at Delaware Hayes High School to a guidance counselor position at Willis Intermediate School ("Willis") from January 2005 until June 2017 as a Fifth/Sixth grade counselor.

15. Before the involuntary transfer from Delaware Hayes High School to Willis, Bushong never received any negative or adverse job performance evaluations by any agent or employee of the School District. The issues related to the involuntary transfer were litigated in this court in *Bushong v. Delaware City School District, et al.*, Case No. 2:06-cv-1015.

16. Bushong subsequently was involuntarily transferred to Woodward Elementary School for the 2017-2018 school year as an English as a Second Language ("ESL") tutor/teacher. Bushong was also scheduled to work one day a week with high school students as a career counselor at Willis.

17. Bushong was then involuntarily transferred back to Delaware Hayes High School for the 2018-2019 school year as an ESL teacher, director of two study halls, lunch duty and one hour daily as work study coordinator.

## ALLEGATIONS

18. On September 10, 2018, Defendants re-assigned Bushong from her ESL position to five periods of Study Hall duty and one hour daily of Work Credit Counseling. Those duties were in addition to one planning period, one period of lunch duty and one period for lunch.

19. Defendants essentially converted a distinguished educator with over 40 years of experience into a study hall monitor.

20. By way of additional history, since the closing of Willis several years ago, Bushong has been randomly placed at various assignments with little or no regard for her talents or experience.

21. After her assignment to Woodward Elementary School upon the closing of Willis, Bushong performed her duties as she always has, with professionalism, competence and dedication.

22. When Bushong was reassigned to Delaware Hayes High School last spring, Bushong expressed concerns about classroom discipline and control.

23. Bushong expressed these concerns to the high school principal and was told that she would receive support from Stranges.

24. Bushong was also promised that students would be divided into small groups of four to better utilize her skills. This never happened.

25. In June of 2018, Bushong was informed that there would be 12 students in a class.

26. Before beginning the 2019-2019 school year as an ESL teacher, Bushong reviewed the records of all her students and rearranged them on the class rosters based on appropriate levels based on their English skills.

27. Bushong communicated to the high school administration that this would foster a better educational environment for the students, the administration, however, would not permit any schedule changes during the first three days of school.

28. Bushong also requested the ESL curriculum and materials related thereto; Bushong was provided neither.

29. Bushong was also informed that the administration would not order materials for her class.

30. In response, Bushong spent approximately $150.00 of her own money to order books and materials to provide appropriate educational services to the ESL students.

31. When the 2018-2019 school year began, an incident with an ESL student took place which resulted in union representation of Bushong.

32. Bushong was placed on paid administrative leave while the investigation took place.

33. Following a reprimand as a result of the investigation, Bushong returned as an ESL teacher and was informed that she would be meeting with one of the students involved in the incident which resulted in the discipline.

34. Bushong requested an administrative presence at the meeting, however, none was provided. Only a counselor was present.

35. Bushong was also not advised that the student's father would be attending the meeting until moments before the meeting; the student's father was extremely aggressive and hostile toward Bushong during the meeting.

36. Subsequent to the meeting, Bushong's re-assignment as a study hall monitor went into effect.

## CLAIMS FOR RELIEF

### COUNT ONE: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### (42 UNITED STATES CODE § 1983 ACTION)

37. Bushong hereby incorporates by reference paragraphs 1 through 37 as if fully rewritten herein.

38. The reassignment of Bushong from an ESL teacher to a study hall monitor and the subsequent conduct of Defendants, acting through its administrative agents, were in violation of Bushong's civil rights.

39. Defendants have worked under color of state law to interfere with Bushong's free speech rights guaranteed to Bushong by the First and Fourteenth Amendments to the Constitution of the United States.

40. Defendants have worked under color of state law to interfere with Bushong's free speech rights guaranteed to Bushong by Article I, Section 11 of the Constitution of the State of Ohio.

41. Defendants have worked under color of state law to interfere with Bushong's free speech rights in violation of the provisions contained at 42 U.S.C. § 1983.

42. Defendants have worked under color of state law to interfere with Bushong's right to due process as guaranteed to Bushong by the Fifth and Fourteenth Amendments to the Constitution of the United States.

43. Defendants have worked under color of state law to interfere with Bushong's right to due process in violation of the provisions contained in 42 U.S.C. § 1983.

**COUNT TWO: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**(UNITED STATES CODE §§ 1985 AND 1986 ACTIONS)**

44. Bushong hereby incorporates by reference paragraphs 1 through 44 as if fully rewritten herein.

45. Defendants have acted in concert with one another in a form of conspiracy to interfere with Bushong's referenced civil rights in violation of the provisions contained at 42 U.S.C. §§ 1985 and 1986.

**COUNT THREE: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 299 USC § 621 *ET. SEQ.***

46. Paragraphs 1 through 45 are incorporated herein as if restated fully and in their entirety.

47. Bushong, at all relevant times, was over the age of 40; Bushong was replaced by an individual under the age of 40.

48. Bushong possessed all the mental and physical capabilities necessary to perform her position as employed by Defendants.

6

49. Defendants above-described reassignment of Bushong from an ESL teacher to a study hall monitor and the subsequent conduct of Defendants was based, at least in part, upon the fact that Bushong was over the age of 40.

50. Defendants age discrimination deprived Bushong of equal employment opportunities in violation of the Age Discrimination Employment Act.

51. At all times relevant herein, Defendants' actions were willful, and Defendants have acted with malice toward the Bushong and with reckless indifference to the Bushong's rights.

52. As a further proximate result of the Defendants' age discrimination, Bushong has suffered and continues to suffer emotional distress, humiliation, embarrassment and mental anguish, for which Defendants are liable, in an amount to be proven at trial.

## COUNT FOUR: AGE DISCRIMINATION - STATE LAW

53. Paragraphs 1 through 52 are incorporated herein as if restated fully and in their entirety.

54. The above-described conduct of defendant constitutes unlawful age discrimination, in violation of Ohio Revised Code §4112.14.

55. As a further and proximate result of Defendants age discrimination, Bushong has suffered emotional distress, humiliation, embarrassment, and mental anguish, for which Defendants are liable, in an amount to be proven at trial.

## COUNT FIVE: PUBLIC POLICY VIOLATION

56. Bushong re-alleges the allegations contained in paragraphs 1 through 55 as if fully rewritten.

57. Defendants reassignment of Bushong from an ESL teacher to a study hall monitor and the subsequent conduct of Defendants was for pretextual reasons, with full knowledge of Bushong's membership in protected classes, including age.

58. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against reassigning employees based upon age discrimination.

59. Defendants' reassignment of Bushong jeopardizes these public policies.

60. Defendants' reassignment of Bushong was motivated by conduct related to these public policies.

61. Defendants had no overriding business justification for reassigning Bushong

62. Defendants' actions in reassigning Bushong violated public policy, and were not only negligent but willful, malicious and intentional, and accordingly, subject Defendants to additional damages including punitive damages.

### COUNT SIX: CIVIL CONSPIRACY

63. Bushong hereby incorporates by reference paragraphs 1 through 62 as if fully rewritten herein.

64. Defendants acted in concert to harass Bushong, retaliate against Bushong, and unlawfully reassign Bushong as an ESL teacher to a study hall monitor in an attempt to force Bushong to quit working for Defendants.

### COUNT SEVEN: RETALIATION

65. Bushong hereby incorporates by reference paragraphs 1 through 64 as if fully rewritten herein.

66. Defendants retaliated against Bushong before and after her reassignment from an ESL teacher to a study hall monitor through conduct described above.

**WHEREFORE,** based upon the foregoing causes of action, Bushong hereby respectfully prays the Court for the collective relief against the party defendants herein, jointly and severally, as follows:

67. For an award of compensatory and punitive damages in an amount in excess of $250,000.00;

68. For an award of attorney's fees pursuant to statutory authority related to all civil rights violations;

69. For an award of attorney's fees under color of state law related to intentional tort and the imposition of punitive damages emanating therefrom;

70. For an Order awarding Bushong her costs and disbursements herein, including reasonable attorney's fees, to the fullest extent allowed by law, whether pursuant to applicable federal law, the laws of the State of Ohio, or both;

71. For an Order awarding Bushong post-judgment interest at the statutory rate of interest to the fullest extent allowed by law, whether pursuant to applicable federal law, the laws of the State of Ohio, or both; and

72. For such other and further relief as the Bushong may be entitled either at law or in equity.

Respectfully submitted,

/s/ Brian M. Garvine
Brian M. Garvine             (0068422)
The Law Office of Brian M. Garvine, LLC
5 East Long Street, Suite 1100
Columbus, Ohio 43215
Tel: (614) 223-0290/Fax: 614/221-3201
Email: brian@garvinelaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Plaintiff's Amended Complaint was filed electronically with the Clerk of Courts on the 8th day of March 2019, using the CM/ECF system.

/s/ Brian M. Garvine
Brian M. Garvine            (0068422)
*Attorney for Plaintiff*