**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: March 18, 2021

Mr. John C. Albert
Crabbe, Brown & James
500 S. Front Street
Suite 1200
Columbus, OH 43215

Mr. Brian M. Garvine
5 E. Long Street
Suite 1100
Columbus, OH 43215

      Re:    Case No. 20-3847, *Viviane Bushong v. Delaware City School District, et al*
              Originating Case No. : 2:19-cv-00858

Dear Counsel,

    The Court issued the enclosed opinion today in this case.

                                    Sincerely yours,

                                    s/Cathryn Lovely
                                    Opinions Deputy

cc:  Mr. Richard W. Nagel

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0143n.06

Case No. 20-3847

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| VIVIANE BUSHONG, | ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| DELAWARE CITY SCHOOL DISTRICT et al., | ) ) | |
| Defendants-Appellees. | ) ) | OPINION |

FILED
Mar 18, 2021
DEBORAH S. HUNT, Clerk

**BEFORE: GILMAN, GIBBONS, and SUTTON, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Viviane Bushong appeals the decision of the district court that granted the defendants' motion for judgment on the pleadings. Bushong had worked for the Delaware City School District for nearly 28 years as a guidance counselor and as an English as a Second Language (ESL) teacher before she was involuntarily assigned lesser duties during the 2018–2019 school year. She sued the school district, its superintendent, and the principal of her school (collectively, the defendants). The defendants filed a motion for judgment on the pleadings regarding all seven counts of Bushong's complaint. In January 2020, the district court granted the defendants' motion.

Bushong now appeals the district court's decision as to Count One (alleging a deprivation of Bushong's First Amendment rights, in violation of 42 U.S.C. § 1983); Count Four (alleging age

discrimination, in violation of Ohio Revised Code (O.R.C.) § 4112.14); and Count Seven (alleging retaliation, in violation of Ohio law and the federal Age Discrimination in Employment Act (ADEA)). For the reasons set forth below, we **AFFIRM** the judgment of the district court.

### I. BACKGROUND

Bushong has worked for the Delaware City School District since 1991. She worked as a guidance counselor until the 2017–2018 school year, when she was involuntarily transferred to Woodward Elementary School to teach ESL. The following school year, Bushong was involuntarily transferred to Hayes High School. Before the 2018–2019 school year began at Hayes High School, Bushong expressed concerns about classroom discipline and control. She attempted to rearrange her class roster based on skill level. Bushong also requested curriculum materials. The school administration told Bushong that she could not make changes to the roster and that it would not order her the requested curriculum materials. As a result, Bushong purchased the materials with $150 of her own money.

When the 2018–2019 school year began, Bushong was involved in an incident with a student. Bushong does not describe the nature of this incident, but she alleges that she was placed on administrative leave while an investigation took place. After the investigation, Bushong was reprimanded and required to attend a meeting with the student's father. She requested that a member of the administration be present for the meeting, but no member attended. Following this incident, the defendants reassigned Bushong to five periods of study-hall duty, one hour of work-credit counseling, and lunch duty. In March 2019, Bushong sued the school district, its superintendent, and the principal of her school, alleging that this involuntary reassignment violated various federal and state laws.

Case No. 20-3847, *Bushong v. Delaware City Sch. Dist. et al.*

## II. ANALYSIS

### A. Standard of review

"We review de novo a grant of judgment on the pleadings." *Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). In doing so, the same standard is applied as that used to evaluate a motion to dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* We therefore assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B. Count One

Count One alleges that, in reassigning Bushong from an ESL teacher to a study-hall monitor, the defendants interfered with Bushong's First, Fifth, and Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983. Bushong appeals the district court's decision regarding Count One only with respect to her First Amendment retaliation claim.

In order to establish a prima facie case of First Amendment retaliation under § 1983, a plaintiff must demonstrate that (1) she was involved in constitutionally protected activity, (2) the defendant's conduct would discourage individuals of ordinary firmness from continuing that activity, and (3) the plaintiff's exercise of constitutionally protected rights was a motivating factor behind the defendant's conduct. *Evans-Marshall v. Bd. of Educ. of. Tipp City Exempted Vill. Sch. Dist.*, 624 F.3d 332, 337 (6th Cir. 2010). If the plaintiff is a public employee, the court must further determine whether the employee was speaking as a private citizen (rather than as a public employee) and whether the statement constitutes speech on a matter of public concern. *Ryan v. Blackwell*, 979 F.3d 519, 526 (6th Cir. 2020).

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). The "critical question . . . is whether the speech at issue is itself ordinarily within the scope of an employee's duties." *Lane v. Franks*, 573 U.S. 228, 240 (2014). In making that inquiry, this court has "recognized several non-exhaustive factors to consider, including: the speech's impetus; its setting; its audience; and its general subject matter." *Mayhew v. Town of Smyrna*, 856 F.3d 456, 464 (6th Cir. 2017).

The district court correctly dismissed Bushong's First Amendment retaliation claim because Bushong does not allege facts from which the court could plausibly infer that her expressed concerns were made as a private citizen. Although the complaint does not allege the specific speech that serves as the basis of Bushong's claim, a review of the complaint reveals that all of the alleged speech was within the scope of Bushong's duties:

- "Bushong expressed concerns about classroom discipline and control."

- "Bushong communicated to the high school administration that [rearranging class rosters based on English skills] would foster a better educational environment for the students."

- "Bushong also requested [from the school administration] the ESL curriculum and materials related thereto. . . . Bushong spent approximately $150.00 of her own money to order books and materials" after the administration informed her that it would not order the requested materials.

- Bushong was involved in "an incident with an ESL student" that resulted in an investigation.

- "Bushong requested [from the school administration] an administrative presence at the meeting" with the father of the student.

Case No. 20-3847, *Bushong v. Delaware City Sch. Dist. et al.*

Bushong's speech, in sum, was directed at the superiors to whom she would typically address work-related grievances, was related to her work responsibilities, and was largely motivated by concerns involving her work assignments. In other words, the "'who, where, what, when, why, and how' considerations" demonstrate that Bushong's speech was within the scope of her duties and, for that reason, not protected by the First Amendment. *See Mayhew*, 856 F.3d at 464; *see also Fox v. Traverse City Area Pub. Sch. Bd. of Educ.*, 605 F.3d 345, 349 (6th Cir. 2010) (holding that a teacher's complaint about class size was made as a public employee because such speech "owes its existence to" her responsibilities as a special-education teacher) (quoting *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 544 (6th Cir. 2007)); *Evans-Marshall*, 624 F.3d at 340 (finding that a teacher's choice of books and teaching methods was speech made pursuant to her official duties).

Bushong concedes in her brief that, "at first blush, it appears that Bushong's speech is pursuant to her official duties." But she proceeds to contend that, because the incident with the student resulted in the involvement of Bushong's union, "Bushong raised the broader issues of discrimination and retaliation." The complaint, however, makes no allegation that Bushong raised any issues of discrimination or retaliation to her union, or to anyone else. As described above, the factual allegations of the complaint make clear that Bushong's speech was made within the scope of her employment and pursuant to her official duties. Bushong's First Amendment claim is therefore without merit.

C.  **Count Four**

Turning now to Count Four's age-discrimination claim, we note that Ohio Revised Code (O.R.C.) § 4112.14 provides that no employer shall "discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established

requirements of the job." O.R.C. § 4112.14(A). A cause of action under § 4112.14(A) is not available, however, where the employee has "the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause." O.R.C. § 4112.14(C).

### *1.      Exhaustion*

The district court focused on the issue of exhaustion, concluding that Bushong failed to sufficiently plead a claim of age-based discrimination because she had an opportunity to arbitrate and did not do so. In urging us to affirm on that ground, the defendants assert in their brief that Bushong had the "burden . . . to . . . allege that she had exhausted all administrative remedies under her Union's Collective Bargaining Agreement." They are mistaken. "[E]xhaustion of administrative remedies [is an] affirmative defense[ ] on which a defendant bears the ultimate burden of proof." *Rembisz v. Lew*, 590 F. App'x 501, 503 (6th Cir. 2014) (citing *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012)). Because the failure to exhaust is an affirmative defense, dismissal under Rule 12(b)(6) or 12(c) is appropriate only if the face of the complaint shows that the plaintiff has not in fact exhausted her administrative remedies. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face.") (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)) (alterations in original).

Bushong's failure to exhaust under O.R.C. § 4122.14(C) does not appear on the face of her complaint; that is, Bushong did not allege that she had an opportunity to arbitrate but failed to do so. To reach this conclusion, the district court had to consider matters outside the pleadings. But "it is black-letter law that, with a few . . . exceptions, a court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (collecting cases). When a court

Case No. 20-3847, *Bushong v. Delaware City Sch. Dist. et al.*

considers matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56 [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The district court concluded that Bushong had failed to sufficiently plead a claim under O.R.C. § 4112.14 because she had an opportunity to arbitrate her claim but failed to do so. In so ruling, the court found that Bushong "is a member of a union bound by a CBA." The complaint, however, makes no mention of a CBA or an agreement to arbitrate. And although the defendants mention the CBA in their answer, they do not allege facts upon which the district court could conclude that Bushong had an opportunity to arbitrate her claims.

The district court apparently relied upon unsubstantiated assertions made by the defendants in their motion. Moreover, the court denied Bushong's request to present additional evidence or argument on this issue. The court's reliance on materials outside the complaint and its failure to provide Bushong with a reasonable opportunity to supplement the record was error. *See Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995) ("The district court thus drew a conclusion not argued in the pleadings and did not provide Briggs with notice and a reasonable opportunity to [respond], as Rule 12(b)(6) requires. We therefore reverse the district court's dismissal of Briggs's claim.").

### 2. *Constructive discharge under O.R.C. § 4112.14*

Although the district court's basis for dismissing Count Four was erroneous, Bushong faces the more fundamental problem that she has failed to allege a discharge within the meaning of O.R.C. § 4112.14. In interpreting the scope of a "discharge" under that statute, the Ohio Supreme Court has held that "[o]ther actions, such as transfers or promotions, are not prohibited unless they amount to a 'discharge,'" which the Court described as "a legislative choice that we cannot

disturb." *Mauzy v. Kelly Servs., Inc.*, 664 N.E.2d 1272, 1280 (Ohio 1996). The Ohio Supreme Court adopted an objective test to guide this analysis, which considers "whether the employer's actions made working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign." *See id.* In *Mauzy*, the Court found that there was a genuine dispute of material fact as to whether the plaintiff was constructively discharged because of her age when she chose termination over an involuntary transfer. *Id.* at 1281.

Bushong does not allege that she chose termination over an involuntary transfer, that she has resigned, or that she no longer works for the school district. Instead, she alleges a discriminatory transfer. Such a claim is not actionable under O.R.C. § 4112.14 unless that transfer amounts to a discharge. *Id.* at 1280–81 ("[The statute] proscribes discriminatory discharges, not transfers.").

The key inquiry, therefore, is whether the transfer "amount[ed] to a discharge." *Id.* (internal quotation marks omitted). And on that issue, Bushong failed to sufficiently plead a claim. The complaint lacks any factual allegations showing that the new position was so intolerable that a reasonable person would feel compelled to resign. A tolerable transfer, even if discriminatory, is simply not actionable under O.R.C. § 4112.14. *Id.* We thus find no error in the dismissal of Bushong's age-discrimination claim based on Ohio law. *See Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 886 (6th Cir. 2020) ("[T]his court can affirm a decision of the district court on any grounds supported by the record, even if different from those relied on by the district court[.]") (internal quotation marks omitted) (quoting *Brown v. Tidwell*, 169 F.3d 330, 332 (6th Cir. 1999)).

**D.     Count Seven**

This leaves Count Seven of the complaint, which alleges that the defendants engaged in age-based retaliation. Both Ohio and federal law prohibit employers from retaliating against an

employee for reporting age discrimination. *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 288 (6th Cir. 2012). "To establish a prima facie case of retaliation under either federal or Ohio law, a plaintiff must show that (1) she engaged in a protected activity, (2) the defending party was aware that the [plaintiff] had engaged in that activity, (3) the defending party took an adverse employment action against the employee, and (4) there is a causal connection between the protected activity and [the] adverse action." *Id.* (internal quotation marks omitted) (alterations in original).

The district court correctly observed that the complaint lacked any allegation that Bushong complained of, or took a stand against, age-based discrimination. Bushong contends in her brief that, "[t]aken as a whole, Bushong has complained to Defendants for approximately 16 years." These allegations, however, do not appear in the complaint. For this reason, Bushong's retaliation claim fails. *See Blizzard*, 698 F.3d at 288 ("A plaintiff asserting such a claim must prove that she took an overt stand against suspected illegal discriminatory action to establish that she engaged in a protected activity.") (internal quotation marks and citation omitted).

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.